IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE SCOTTS COMPANY LLC | : | CASE NO.: 2:16-cv-427 |
| 14111 Scottslawn Road | | |
| Marysville, Ohio  43041, | : | (JUDGE _____) |
| and | : | |
| OMS INVESTMENTS, INC. | : | |
| 10250 Constellation Boulevard, Suite 2800 | | |
| Los Angeles, California  90067-6228, | : | **COMPLAINT** |
| Plaintiffs, | : | **JURY TRIAL DEMANDED** |
| v. | : | |
| ORGANIC PLANT MAGIC LLC | : | |
| 115 Cross Street | | |
| Marshfield, Massachusetts 02050, | : | |
| KEVIN J. RICHARDSON | : | |
| 115 Cross Street | | |
| Marshfield, Massachusetts 02050, | : | |
| and | : | |
| KATHLEEN M. RICHARDSON | : | |
| 115 Cross Street | | |
| Marshfield, Massachusetts 02050, | : | |
| Defendants. | : | |

## INTRODUCTION

This is an action to enjoin and recover damages for Defendants' misleading use of

Plaintiffs' intellectual property, which is protected under federal and state law.  Specifically,

Plaintiffs The Scotts Company LLC ("Scotts") and OMS Investments, Inc. ("OMS") (collectively

"Plaintiffs") file this Complaint against Defendants Organic Plant Magic LLC, Kevin J.

Richardson, and Kathleen M. Richardson (collectively "Defendants") for: (I) federal trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114; (II) federal unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (III) federal dilution in violation of Sections 32(1) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(c); (IV) trademark infringement and unfair competition in violation of Ohio Rev. Code §§ 4165.02 and 4165.03; and (V) dilution in violation of Ohio common law.

## SUMMARY OF DEFENDANTS' INFRINGING ACTS

1. Scotts, headquartered in Ohio for over 145 years, is the world's largest marketer of branded consumer lawn and garden products. OMS, which licenses the MIRACLE-GRO® mark and other relevant marks to Scotts, owns some of the industry's most recognized trademarks for certain product lines, including fertilizer products that have been marketed continuously for nearly 60 years under the famous and distinctive MIRACLE-GRO® mark and related marks, which have been registered with the United States Patent and Trademark Office.

2. Plaintiffs seek relief from this Court because Defendants have caused, and continue to cause, irreparable harm to Plaintiffs' MIRACLE-GRO® mark and related marks. Defendants are using the MIRACLE-GRO® mark in connection with a fertilizer product marketed as "Organic Plant Magic," representing on packaging and on Defendants' website that the Organic Plant Magic product is "THE ORGANIC ALTERNATIVE TO MIRACLE-GRO®" and that it is "THE ORGANIC REFILL FOR MIRACLE-GRO® GARDEN FEEDERS." The Organic Plant Magic product is in no way affiliated with Plaintiffs or any of Plaintiffs' products. Plaintiffs have not consented to Defendants' use of MIRACLE-GRO®.

3. Defendants' use of MIRACLE-GRO® in connection with their products and promotions creates a likelihood of confusion among consumers; trades upon the goodwill that Plaintiffs have developed through decades of investment in, and promotion of, their marks and products; and infringes and dilutes Plaintiffs' MIRACLE-GRO® mark and related marks.

4. Defendants benefit from this confusion and dilution as their products enjoy undeserved recognition from being wrongly associated with Plaintiffs' famous marks and products, while Plaintiffs' goodwill and reputation are irreparably harmed.

5. Plaintiffs have repeatedly notified Defendants of their prior trademark rights and, despite such notice, Defendants have refused to stop using MIRACLE-GRO®.

6. Unless Defendants are enjoined from further infringement and dilution, Plaintiffs will continue to be irreparably harmed.

## **THE PARTIES**

7. Plaintiff The Scotts Company LLC is an Ohio limited liability company with its principal place of business at 14111 Scottslawn Road, Marysville, Ohio 43041.  The Scotts Company distributes products under the MIRACLE-GRO® mark and related marks throughout the United States.

8. Plaintiff OMS Investments, Inc. is a Delaware corporation with an address at 10250 Constellation Boulevard, Suite 2800, Los Angeles, California 90067-6228.  OMS, an affiliate of The Scotts Company LLC, holds various intellectual property assets licensed to and used by The Scotts Company LLC, including MIRACLE-GRO®, MIRACLE-GRO ORGANIC

CHOICE®, and EVERYONE GROWS WITH MIRACLE-GRO®, as well as other marks, in the United States.

9. Defendant Organic Plant Magic LLC is a Massachusetts limited liability company with its principal place of business at 115 Cross Street, Marshfield, Massachusetts 02050. Defendant Organic Plant Magic LLC makes and sells fertilizer products, including the Organic Plant Magic product.

10. Defendant Kevin J. Richardson is a citizen of Massachusetts residing at 115 Cross Street, Marshfield, Massachusetts 02050, and, upon information and belief, co-owns and manages Defendant Organic Plant Magic LLC.

11. Defendant Kathleen M. Richardson is a citizen of Massachusetts residing at 115 Cross Street, Marshfield, Massachusetts 02050, and, upon information and belief, co-owns and manages Defendant Organic Plant Magic LLC.

## JURISDICTION AND VENUE

12. This Court has original jurisdiction over Counts I through III of this Complaint pursuant to 15 U.S.C. § 1121, in that they arise under the Lanham Act (15 U.S.C. § 1114 and 15 U.S.C. § 1125); pursuant to 28 U.S.C. § 1338(a); and pursuant to 28 U.S.C. § 1331, in that they arise under the laws of the United States. Count I states a claim for federal trademark infringement in violation of Section 32 of the Lanham Act. 15 U.S.C. § 1114. Count II states a claim for federal unfair competition in violation of Section 43 of the Lanham Act. 15 U.S.C. § 1125. Count III states a claim for federal dilution in violation of Sections 32 (15 U.S.C. § 1114(1)), and 43(c) (15 U.S.C. § 1125(c)), of the Lanham Act.

13. This Court has supplemental jurisdiction over Counts IV and V of this Complaint pursuant to 28 U.S.C. § 1338(b), and the principles of supplemental jurisdiction as provided in 28 U.S.C. § 1367. Count IV states a claim for trademark infringement and unfair competition in violation of Ohio Rev. Code §§ 4165.02 and 4165.03. Count V states a claim for dilution in violation of Ohio common law.

14. Pursuant to Ohio Rev. Code § 2307.382, Defendants are subject to personal jurisdiction here because Defendants transact business, solicit business, and/or contract to supply goods in Ohio, including in this District. Specifically, Defendants target Ohio consumers by selling the Organic Plant Magic product through select retailers located in Cincinnati, Ohio, Circleville, Ohio, Danville, Ohio, and Newark, Ohio. Defendants also promote their products to consumers through their interactive website, <organicplantmagic.com>, which provides consumers with directions to Ohio retailers that sell Defendants' products. Consumers located in Ohio may also order Defendants' products directly from Defendants via the interactive website.

15. Pursuant to 28 U.S.C. § 1391(b) and (c), venue is appropriate in this District and Division. Defendants are subject to personal jurisdiction here, as alleged above, and the misconduct giving rise to Plaintiffs' claims, in substantial part, is occurring here because Defendants are marketing, promoting, offering and selling infringing products in this District, via their interactive website and Ohio retailers, which misconduct has caused Plaintiffs to suffer irreparable harm in this District and Division.

## FACTS COMMON TO ALL COUNTS

16. Scotts is the world's leading supplier and marketer of consumer products for consumer and do-it-yourself lawn and garden care.

17. Plaintiffs license or own many of the most recognizable marks in the lawn and garden care markets, including the MIRACLE-GRO® mark and related marks, which have been in continuous use for nearly sixty years.

18. Scotts advertises and promotes its MIRACLE-GRO® products and services in a variety of media, including television, radio, print, point-of-purchase, the Internet, social media, and other media.

19. Through decades of successful use, promotion, and marketing, the MIRACLE-GRO® mark and related marks, in addition to being inherently distinctive, have for many years enjoyed strong secondary meaning and been famous.

20. OMS has invested significant time and resources to obtain registrations of the MIRACLE-GRO® mark, and related marks, in the U.S. and abroad. OMS's U.S. registrations of the MIRACLE-GRO® mark and related marks include, but are not limited to, the following:

| Mark and Registration Number | Goods/Services | Filing Date | Registration Date |
|---|---|---|---|
| MIRACLE-GRO® No. 0668868 | Water soluble plant food | February 28, 1958 | October 28, 1958 |
| MIRACLE-GRO POUR & FEED® No. 2601682 | Fertilizer for home and garden use | June 29, 1999 | July 30, 2002 |

| | | | |
|---|---|---|---|
| MIRACLE-GRO® No. 2820953 | Fertilizers for domestic use; plant food; garden soil; potting mix; seed starter mix for domestic use; root stimulating hormone that converts plant cells to stem cells. | March 4, 2003 | March 9, 2004 |
| MIRACLE-GRO® No. 2822655 | Fertilizers for domestic use; plant food; garden soil; potting mix; seed starter mix for domestic use; root stimulating hormone that converts plant cells to stem cells. | March 4, 2003 | March 16, 2004 |
| MIRACLE-GRO GARDEN SOIL FLOWERS & VEGETABLES® No. 3190987 | Garden soil, planting soil, soil containing additives, soil conditioners for agricultural, domestic or horticultural use and fertilizers for soil and potting soil. | September 3, 2004 | January 2, 2007 |
| MIRACLE-GRO ORGANIC CHOICE® No. 3180531 | Fertilizers for domestic use, potting soil, blood meal, and bone meal. | December 30, 2005 | December 5, 2006 |
| MIRACLE-GRO® No. 4301017 | Fertilizer, growing media for plants, soil conditioners for domestic and horticultural use, soil amendments, garden soil, planting soil, potting soil, potting mix, root stimulating hormone for plants, leaf shine. | July 17, 2012 | March 12, 2013 |
| EVERYONE GROWS WITH MIRACLE-GRO® No. 4512738 | Fertilizer, growing media for plants, soil conditioners for domestic and horticultural use, soil amendments, gardening soil, planting soil, potting soil, potting mix for starting seeds and growing plants. | December 27, 2012 | April 8, 2014 |

21. All of the foregoing MIRACLE-GRO® registrations are valid and subsisting, and they give OMS a presumption of nationwide exclusive rights in all of the registered marks with all of the goods and services identified in the registration certificates. In addition, some of the foregoing registrations have become incontestable under Section 33(b) of the Lanham Act, making them "conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce . . . on or in connection with the goods or services specified in the affidavit." 15 U.S.C. § 1115(b). OMS has not disclaimed exclusive rights in the MIRACLE-GRO® elements in any of the foregoing registrations.

22. The MIRACLE-GRO® mark and related marks are among Plaintiffs' most valuable assets, and Plaintiffs must protect them against infringement and dilution.

23. After Scotts first began using the MIRACLE-GRO® mark and related marks, after those marks became famous, and after the MIRACLE-GRO® mark was federally registered, Defendants began using the MIRACLE-GRO® mark in connection with a fertilizer product marketed as "Organic Plant Magic," representing on packaging for the Organic Plant Magic product that it is "THE ORGANIC ALTERNATIVE TO MIRACLE-GRO®" and that it is "THE ORGANIC REFILL FOR MIRACLE-GRO® GARDEN FEEDERS." Defendants' use of MIRACLE-GRO® suggests to consumers that the Organic Plant Magic product is affiliated with Scotts. The Organic Plant Magic product is not affiliated with Plaintiffs or any of Scotts' products, and Plaintiffs never consented to Defendants' use of MIRACLE-GRO®.

24. Defendants use MIRACLE-GRO® on and in connection with fertilizer and related products, many of which are similar or related to products that Scotts sells under the

8

MIRACLE-GRO® mark.  In addition to suggesting to consumers that the Organic Plant Magic product is affiliated with Scotts, Defendants' use of MIRACLE-GRO® on packaging for the Organic Plant Magic product creates confusion because Scotts makes and sells its own line of organic products under the MIRACLE-GRO® ORGANIC CHOICE® and MIRACLE-GRO® NATURE'S CARE® brands.

25. Plaintiffs have provided Defendants with written notice of their rights in the MIRACLE-GRO® mark and related marks, and of Defendants' infringement and dilution of their marks, and Plaintiffs have requested that Defendants stop using MIRACLE-GRO®.

26. Defendants have refused to stop using MIRACLE-GRO®.  Unless this Court enjoins Defendants, their intentional infringement and dilution will continue, deceiving consumers and harming Plaintiffs and their trademark rights.

27. Defendants' use of MIRACLE-GRO® creates a likelihood of confusion and dilution with Plaintiffs' prior, federally registered, and famous MIRACLE-GRO® mark and related marks.  Defendants' infringement and dilution of Plaintiffs' marks are deceiving and confusing to consumers, blur the distinctiveness of the Plaintiffs' marks, and tarnish the marks.

## COUNT I:
## FEDERAL TRADEMARK INFRINGEMENT

28. Plaintiffs repeat the allegations in paragraphs 1 through 27 of this Complaint as though fully set forth here.

29. Defendants, without the consent of Plaintiffs, have used and continue to use in commerce a reproduction, counterfeit, copy, or imitation of OMS's federally registered MIRACLE-GRO® mark and related marks in connection with the sale, offering for sale,

9

distribution, and/or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

30. Defendants, without the consent of Plaintiffs, have reproduced, counterfeited, copied, or imitated, and are continuing to reproduce, copy, or imitate, OMS's federally registered MIRACLE-GRO® mark and related marks and apply such reproduction, counterfeit, copy, or imitation to labels, signs, prints, packages, wrappers, receptacles, websites, social media accounts, videos, photographs, domain names, and/or advertisements intended to be used in commerce or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32(1) of the Lanham Act. 15 U.S.C. § 1114(1)(b).

31. Defendants have derived, and continue to derive from the alleged acts of infringement, profits and revenues in an amount that is not presently known to Plaintiffs. Further, such acts of infringement were made with knowledge of their capacity to deceive and were thus committed intentionally and willfully. By reason of the acts of infringement alleged in this Complaint, Plaintiffs have been and continue to be damaged in an amount to be determined at trial.

32. By reason of Defendants' conduct, Plaintiffs have suffered and continue to suffer irreparable harm, and, unless Defendants are enjoined from continuing their wrongful acts, the harm to Plaintiffs will continue.

## COUNT II:
## **FEDERAL UNFAIR COMPETITION**

33. Plaintiffs repeat the allegations in paragraphs 1 through 32 of this Complaint as though fully set forth here.

34. Plaintiffs' MIRACLE-GRO® mark and related marks are distinctive, have acquired secondary meaning, and are protectable.

35. Defendants, on and in connection with goods, services, and containers for goods, have used in commerce words, terms, names, symbols, and devices, and combinations thereof, and false designations of origin, false and misleading descriptions of fact, and false and misleading representations of fact, which are likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, or association of themselves with another person, as to the origin, sponsorship, and approval of their goods, services, and commercial activities by another person, in violation of Section 43(a) of the Lanham Act.  15 U.S.C. § 1125(a)(1)(A).

36. Defendants, on and in connection with goods, services, advertising materials, websites, and containers for goods, have used in commerce words, terms, names, symbols, and devices, and combinations thereof, and false designations of origin, false and misleading descriptions of fact, and false and misleading representations of fact, which, in commercial advertising and promotion, misrepresent the nature, characteristics, qualities, and geographic origin of their or another person's goods, services, and commercial activities, in violation of Section 43(a) of the Lanham Act.  15 U.S.C. § 1125(a)(1)(B).

37. By making unauthorized use of Plaintiffs' MIRACLE-GRO® mark and related marks, by making false and misleading representations, and by committing other acts of

unfair competition, Defendants are engaging in false designation, unfair competition, and false advertising in violation of Section 43(a) of the Lanham Act.  15 U.S.C. § 1125(a).

38. Defendants have derived, and continue to derive from the alleged deceptive acts, profits and revenues in an amount that is not presently known to Plaintiffs. Further, such acts were made with knowledge of their capacity to deceive and were thus committed intentionally and willfully.  By reason of the above acts of unfair competition, Plaintiffs have been and will continue to be damaged in an amount to be determined at trial.

39. By reason of Defendants' conduct, Plaintiffs have suffered and continue to suffer irreparable harm, and unless Defendants are enjoined from continuing their wrongful acts, the harm to Plaintiffs will continue.

## COUNT III:
## FEDERAL DILUTION

40. Plaintiffs repeat the allegations in paragraphs 1 through 39 of this Complaint as though fully set forth here.

41. Plaintiffs' MIRACLE-GRO® mark and related marks are famous within the meaning of 15 U.S.C. § 1125(c).

42. After Plaintiffs' MIRACLE-GRO® mark and related marks became famous, Defendants made, and are continuing to make, commercial use that is likely to or has caused dilution and tarnishing of the distinctive quality of Plaintiffs' MIRACLE-GRO® mark and related marks, in violation of 15 U.S.C. § 1114(1) and § 1125.

43. Defendants have derived, and continue to derive from the alleged acts, profits and revenues in an amount that is not presently known to Plaintiffs. Further, such acts were made with knowledge of their capacity to dilute and were thus committed intentionally and willfully. By reason of the above acts, Plaintiffs have been and continue to be damaged in an amount to be determined at trial.

44. By reason of Defendants' conduct, Plaintiffs have suffered and continue to suffer irreparable harm, and unless Defendants are enjoined from continuing their wrongful acts, the harm to Plaintiffs will continue.

## COUNT IV: VIOLATION OF OHIO'S DECEPTIVE TRADE PRACTICES ACT

45. Plaintiffs repeat the allegations in paragraphs 1 through 44 of this Complaint as though fully set forth here.

46. By making unauthorized use of Plaintiffs' MIRACLE-GRO® mark and related marks, and by committing other acts of unfair competition, Defendants are violating Ohio's Deceptive Trade Practices Act. Ohio Rev. Code §§ 4165.02 and 4165.03.

47. Defendants have derived and continue to derive from the alleged acts profits and revenues in an amount that is not presently known to Plaintiffs. Further, such acts were made with knowledge of their capacity to deceive and were thus committed intentionally and willfully. By reason of the above acts, Plaintiffs have been and continue to be damaged in an amount to be determined at trial.

48. By reason of Defendants' conduct, Plaintiffs have suffered and continue to suffer irreparable harm, and unless Defendants are enjoined from continuing their wrongful acts, the harm to Plaintiffs will continue.

## COUNT V:
## DILUTION UNDER OHIO COMMON LAW

49. Plaintiffs repeat the allegations in paragraphs 1 through 48 of this Complaint as though fully set forth here.

50. Plaintiffs own the MIRACLE-GRO® mark and related marks, and those marks are valid, distinctive, and capable of being diluted.

51. Defendants, without authorization, are using MIRACLE-GRO® to promote and sell their own products, which are not Plaintiffs' products.

52. Defendants' conduct has diluted and continues to dilute Plaintiffs' MIRACLE-GRO® mark and related marks, by blurring the product identification of Plaintiffs' trademarks, and by tarnishing the affirmative associations that Plaintiffs' trademarks have come to convey, in violation of Ohio common law.  United States Playing Card Co. v. Bicycle Club, 695 N.E.2d 1197, 1202 (Ohio Ct. App. 1997).

53. Defendants have derived and will continue to derive from the above-alleged acts profits and revenues in an amount that is not presently known to Plaintiffs.  Further, such acts were made with knowledge of their capacity to dilute and were thus committed intentionally and willfully.  By reason of the above acts, Plaintiffs have been and will continue to be damaged in an amount to be determined at trial.

14

54. By reason of Defendants' conduct, Plaintiffs are suffering and will continue to suffer irreparable harm, and unless Defendants are enjoined from continuing their wrongful acts, the harm to Plaintiffs will continue.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs request judgment as follows:

A. An ORDER declaring that Defendants' use of MIRACLE-GRO® and all similar names, marks, slogans, packaging, and trade dress, infringes the intellectual property rights of Plaintiffs;

B. An ORDER enjoining Defendants and their officers, agents, employees, attorneys, and assigns, and all persons in active concert or participation with any of them, as follows:

1. Prohibiting Defendants from manufacturing, selling, shipping, distributing, promoting, marketing, or displaying any products using MIRACLE-GRO®, or using any similar names, marks, slogans, packaging, domain names, or trade dress;

2. Prohibiting Defendants from using any names, marks, slogans, packaging, or trade dress that incorporate elements of, or that are confusingly similar to, Scotts' MIRACLE-GRO® mark and related marks;

      3.      Prohibiting Defendants from otherwise competing unfairly with Scotts by trading off of Scotts' goodwill and business reputation, or by infringing, misappropriating, or diluting trademarks;

      4.      Prohibiting Defendants from stating or suggesting, in any advertising materials, promotional materials, or other materials (electronic or otherwise), that they or their products are associated with, related to, approved by, or sponsored by Scotts;

C.      An ORDER requiring Defendants to file with this Court and to serve on Plaintiffs, within thirty (30) days after entry of the injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

D.      An ORDER requiring Defendants to provide a complete accounting to Plaintiffs for any and all profits realized from the sale of products under and in connection with their infringing use of MIRACLE-GRO®; and

E.      An award to Plaintiffs of:

      1.      actual compensatory damages, including but not limited to Defendants' profits and Plaintiffs' damages, in an amount to be determined at trial, for Defendants' violations of federal and Ohio law;

2. treble damages, statutory damages, and any other enhanced damages for Defendants' knowing, intentional, and willful violations of federal and Ohio law;

3. costs and reasonable attorneys' fees incurred by Plaintiffs pursuant to federal and Ohio law; and

4. such other and further relief as this Court deems just and proper.

Plaintiffs request a trial by jury on all claims and defenses so triable.

Respectfully submitted,

/s/ Erin E. Rhinehart
Erin E. Rhinehart (0078298)
   Trial Attorney
Jade K. Smarda (0085460)
FARUKI IRELAND & COX P.L.L.
110 North Main Street
Suite 1600
Dayton, Ohio  45402
Telephone:  (937) 227-3714
Telecopier:  (937) 227-3717
Email: erhinehart@ficlaw.com
      jsmarda@ficlaw.com

Attorneys for Plaintiffs
The Scotts Company LLC and
OMS Investments, Inc.

1039574.1